Filed 7/6/16  In re D.G. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D.G., a Person Coming Under the Juvenile Court Law. | B267732<br><br>(Los Angeles County<br>Super. Ct. No. YJ38093) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>D.G.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Irma J. Brown, Judge.  Affirmed.

        Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant D.G., a minor, requested that her probation supervision be transferred to San Bernardino County so she could reside with her grandmother and aunt. The juvenile court granted the request, and D.G. appealed. D.G.'s counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende* ). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2014, the Los Angeles District Attorney filed a petition alleging that D.G., then age 15, violated Penal Code sections 211 (second degree robbery on Oct. 6, 2014, count 1, a felony), 459 (second degree commercial burglary on Oct. 6, 2014, count 2, a felony), and 459 (second degree commercial burglary on Oct. 3, 2014, count 3, a felony). On December 24, 2014, D.G. was released to her mother's custody pending the next hearing, with certain restrictions imposed by the court.

A probation report stated that on October 6, 2014, D.G. had stolen beer from a market, and attempted to steal beer from the same market a few days later. The report also stated that on December 12, 2014, D.G. was involved in an incident involving a known gang member, in which D.G. attempted to steal a car. Police determined that D.G. was attempting to steal the car for the benefit of the gang.

The probation report also stated that D.G.'s mother (mother) said D.G. had been out of control at home. Mother suspected D.G. was using alcohol and marijuana. D.G. had been expelled from school for truancy. The probation report also stated that D.G. "violated her house arrest by leaving home without permission" so "the minor's house arrest was violated, and that is why she is currently at juvenile hall."

On January 29, 2015, D.G. admitted count 1 for second degree robbery (Penal Code section 211, a felony), and the other two counts were dismissed. There is no indication in the record that D.G. was charged for the car-related incident. D.G. was again placed on home detention.

On February 17, 2015, another petition was filed alleging that D.G. violated Penal Code sections 484(a) and 490.2 (petty theft, a misdemeanor) on February 13, 2015 by

taking property from a Target store. A detention report noted that D.G. was deemed a runaway after she cut off her ankle bracelet and left home on February 12, 2015. The court ordered that D.G. remain in custody pending further hearings.

On March 5, 2015, the juvenile court imposed conditions of probation including community service, a curfew, and restitution. The court also ordered D.G. to attend anger management counseling and family counseling. In March 2015 D.G. was again placed on home detention, and in April 2015, D.G. enrolled in continuation school.

In June 2015, D.G. began missing appointments with her probation officer, and on June 17, 2015 the juvenile court issued a warrant for D.G.'s arrest. By July 13, D.G. had been detained, and a probation officer's report noted that mother wished D.G. to be placed with an aunt who lived in San Bernardino County. Mother said she could not control D.G., the minor refused to follow house rules, and mother believed that D.G.'s peer relationships had a strong negative influence on her.

On September 1, 2015, D.G. filed a motion to transfer her case to San Bernardino County, stating that she intended to live with her grandmother in Victorville. The motion stated that it would be in the best interests of D.G. because she would "be in a stable environment [and] go to school on a full time basis." The Los Angeles County Probation Department deemed the grandmother's home to be suitable for D.G.

At the hearing on the motion to transfer, counsel for D.G. suggested that D.G. be released to San Bernardino with no court supervision, or have Los Angeles County retain supervision of D.G. The court rejected this suggestion, and maintained that supervision of D.G. should be transferred to San Bernardino. The court put the case over to the afternoon calendar so the parties could prepare the appropriate paperwork. When the court resumed the hearing, the court ordered that D.G. would be in the custody of her grandmother, and D.G.'s residence would be with the grandmother in a home where D.G.'s aunt also lived. The court ordered D.G.'s case transferred the case to San Bernardino. (Welf. & Inst. Code, §§ 375, 750.)

D.G. filed a timely notice of appeal from the court's order transferring the case. D.G.'s court-appointed counsel filed a brief seeking our independent review of the record

3

pursuant to *Wende, supra*, 25 Cal.3d 436, to determine whether there are any arguable issues for review.  D.G. was informed of her right to file supplemental briefing, and she did not do so.

## DISCUSSION

We have reviewed the entire record in accordance with *Wende*, *supra*, 25 Cal.3d 436 and have not found any reasonably arguable issue for reversal on appeal.  California Rules of Court, rule 5.610 "permits a juvenile court to transfer a case to the county where the child resides."  (*In re Nia A*. (2016) 246 Cal.App.4th 1241, 1247-1248.)  For purposes of rule 5.610, "the residence of the child is the residence of the person who has the legal right to physical custody of the child."  (Cal. Rules of Court, rule 5.610(1).)  In deciding whether to transfer a case, "the paramount consideration is whether the proposed transfer will serve the child's best interest."  (*Nia A., supra,* 246 Cal.App.4th at p. 1248.)  D.G.'s repeated arrests, affiliation with a local gang, and ongoing refusal to follow her mother's rules indicate that D.G. was not thriving in her current placement.  Mother stated that she could not control D.G.  All parties, including D.G., agreed that a transfer to San Bernardino, where D.G. could live with her grandmother and aunt, would be in D.G.'s best interest.  We see no reasonably arguable issue for reversal.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.


4